IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND TIMOTHY FRANK,<br><br>    Petitioner,<br><br>  v.<br><br>IVAN D. CLAY,<br><br>    Respondent.<br>_____ | No. C 08-4835 MMC (PR)<br><br>**ORDER DENYING MOTION TO SET ASIDE ORDER OF DISMISSAL AND EXTEND TIME TO PAY FILING FEE; DIRECTING FINANCIAL OFFICE TO REFUND FILING FEE**<br><br>**(Docket No. 7)** |

On October 22, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. That same date, the Court notified petitioner in writing that the action was deficient due to petitioner's failure to pay the requisite filing fee or, instead, to submit a completed court-approved in forma pauperis ("IFP") application. In said notice, petitioner was advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action.

When more than thirty days had passed since the deficiency notice and petitioner had not filed a completed IFP application, paid the filing fee, or otherwise responded to the deficiency notice, the Court, by order filed December 4, 2008, dismissed the action without prejudice. On December 17, 2008, petitioner filed the instant motion to set aside the order of dismissal and for an extension of time to pay the filing fee. Subsequently, on

December 30, 2008, petitioner paid the $5.00 filing fee.

Petitioner's motion will be denied in view of the fact that if the case were reopened the Court would be required to dismiss the action because the claims raised in the petition are unexhausted.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c), Rose v. Lundy, 455 U.S. 509, 515-16 (1982). The exhaustion requirement is not satisfied if there is a pending post-conviction proceeding in state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).

When petitioner filed the instant action, he stated in his petition that the claims he seeks to have addressed herein were pending in a state habeas corpus petition in the Contra Costa County Superior Court, Martinez, California. (Pet. at 4-5.) Additionally, the entry of petitioner's name as a search criterion in the case information database of the official government website of the California courts (http://appellatecases.courtinfo.ca.gov) reveals that petitioner currently has a state habeas corpus petition pending before the California Supreme Court. (In re Frank, No. S 173671, filed June 10, 2009.) Consequently, as petitioner has not exhausted his state remedies, the action, if reopened, would be subject to dismissal for that reason. Rose, 455 U.S. at 510 (holding district court must dismiss federal habeas corpus petition if available state remedies have not been exhausted as to all claims).

Accordingly, petitioner's motion to set aside the order of dismissal and for an extension of time to pay the filing fee is hereby DENIED. Petitioner may file a new federal habeas petition once he has exhausted his state remedies.

The Clerk of the Court shall send a copy of this order to this district's Financial Office, which is hereby directed to REFUND to petitioner the $5.00 filing fee paid on December 30, 2008.

1 | This order terminates Docket No. 7.
2 | IT IS SO ORDERED.
3 | DATED: July 10, 2009

_____
MAXINE M. CHESNEY
United States District Judge