IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND TIMOTHY FRANK,<br><br>    Petitioner,<br><br>  v.<br><br>IVAN D. CLAY,<br><br>    Respondent.<br>_____ | No. C 08-4835 MMC (PR)<br><br>**ORDER DENYING MOTION TO REOPEN ACTION; DENYING APPLICATION TO FILE AMICUS CURIAE BRIEF**<br><br>**(Docket Nos. 12 and 13)** |

On October 22, 2008, petitioner filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. That same date, the Court notified petitioner in writing that the action was deficient due to petitioner's failure to pay the requisite filing fee or, instead, to submit a completed court-approved in forma pauperis ("IFP") application. In said notice, petitioner was advised that his failure to pay the filing fee or, alternatively, to file a completed IFP application, within thirty days, would result in dismissal of the action. When more than thirty days had passed after issuance of the deficiency notice and petitioner had not filed a completed IFP application, paid the filing fee, or otherwise responded to the deficiency notice, the Court, by order filed December 4, 2008, dismissed the action without prejudice.

On December 17, 2008, petitioner filed a motion to set aside the order of dismissal and for an extension of time to pay the filing fee. On July 10, 2009, the Court denied the motion on the ground that the claims raised in the petition were unexhausted. Specifically, petitioner had informed the Court that the claims he seeks to have addressed herein were still pending in a state habeas corpus proceeding in the Contra Costa County Superior Court. Moreover, case information from the California courts on-line database revealed that petitioner had a state habeas corpus petition pending before the California Supreme Court. The Court informed petitioner that he could file a new federal habeas petition once he had exhausted his state remedies.

Now pending before the Court is petitioner's motion, filed July 13, 2011, for leave to reopen the action and refile his petition for a writ of habeas corpus, on the ground his claims are now exhausted. As noted above, the instant action was dismissed without prejudice, and the Court informed petitioner that he could file a new federal habeas petition. Accordingly, petitioner's motion is hereby DENIED.

A copy of the Court's form petition along with instructions for completing it are provided to petitioner herewith; the space for the civil case number should be left blank and the Clerk of Court will assign a new case number to the petition.

In connection with the above-referenced motion, petitioner has filed an application to file an amicus curiae brief. Because this action remains closed, the application is hereby DENIED.

This order terminates Docket Numbers 12 and 13.

IT IS SO ORDERED.

DATED: July 21, 2011

MAXINE M. CHESNEY
United States District Judge